UNITED STATES DISTRICT COURT　　　　　　　ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JAMES L. GRANT,                                        :
                                                       :
                              Petitioner,              :
                                                       :   MEMORANDUM
                                                       :   AND ORDER
           - against -                                 :
                                                       :   09-CV-5283 (JG)
                                                       :
J. RILEY, D.A., and                                    :
E.M. RAPPAPORT, Judge,                                 :
                                                       :
                              Respondents.             :
------------------------------------------------------------ X

A P P E A R A N C E S:

    JAMES L. GRANT
        # 90-A-5811
        Mohawk Correctional Facility
        P.O. Box 8451
        Rome, NY 13440
        Petitioner, *pro se*

    CHARLES J. HYNES
        District Attorney
        Kings County
        350 Jay Street
        Brooklyn, NY 11201
    By:    Bruce Alderman
        Attorney for Respondent

JOHN GLEESON, United States District Judge:

        James L. Grant petitions for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a judgment of the New York State Supreme Court, Kings County. Grant was convicted of murder and attempted murder in 1990. The respondents object that the petition was filed beyond the applicable statute of limitations. For the reasons set forth below, the petition is dismissed as untimely.

BACKGROUND

In June 1987, Grant shot and killed Cathleen Balance, his wife, and shot his step-daughter, Cheryl Balance.[1] In April of 1990, a jury convicted Grant of second-degree murder and second-degree attempted murder. The judge sentenced Grant to two consecutive terms of imprisonment: fifteen years to life for the murder, and five to fifteen years on the attempted murder count. On direct appeal, the Appellate Division, Second Department affirmed the judgment of conviction. *People v. Grant*, 587 N.Y.S.2d 186 (2d Dep't 1992). On February 10, 1993, a judge of the New York Court of Appeals denied leave to appeal from the Second Department's decision. *People v. Grant*, 595 N.Y.S.2d 739 (1993) (Smith, J.).

Since his judgment of conviction became final, Grant has moved five times in state court to vacate the judgment pursuant to N.Y. Criminal Procedure Law § 440.10:

- The first motion was dated March 26, 1993 and was denied by decision dated July 21, 1993. Leave to appeal to the Appellate Division was denied on November 22, 1993.

- The second motion was dated July 10, 1996 and was denied on January 28, 1997.

- The third motion was received by the government on February 4, 1998 and was denied on April 20, 1998. Leave to appeal to the Appellate Division was denied on June 24, 1998. Grant moved for reargument on his application for leave to appeal; that was denied on September 18, 1998. On November 18, 1998, Grant's application for a further appeal to the Court of Appeals was dismissed.

- Grant made a fourth motion to vacate the judgment of conviction on September 10, 2003, which was denied on November 10, 2003. Leave to appeal was denied on September 17, 2004.

- In addition, Grant filed a fifth motion on October 30, 2009. That motion is still pending before the Supreme Court, Kings County.

Grant's federal habeas petition is dated November 23, 2009.

---

[1] In his petition, Grant asserts that the shootings were accidental.

DISCUSSION

In 1996, Congress imposed a one-year statute of limitations on habeas petitions attacking state-court convictions. *See* 28 U.S.C. § 2244(d)(1). Grant seeks to challenge a conviction that became final before the statute of limitations went into force on April 23, 1996.[2] Under Second Circuit precedent, Grant thus had a one-year grace period to file a federal habeas petition, beginning on that date. *See Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998).

The one-year grace period is tolled by a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2); *see Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 1999) (holding that the "pending-state-petition tolling provision does apply to a petition challenging a pre-AEDPA conviction"). The second of Grant's five § 440.10 motions – dated July 10, 1996 – extended the limitations period. When he filed that motion, he had already used two and one-half months of the grace period. The clock started running again when that motion was denied in January 1997, and the statute of limitations probably ran out before the next event that may have extended his time to seek a writ of habeas corpus, the filing of his third motion, which was received by state in early 1998.[3] In any event, the grace period certainly expired, at the very latest, at some point early in the five-year period that passed between the

---

[2] The conviction became final on February 10, 1993, at the conclusion of direct review in state court. *See* 28 U.S.C. § 2244(d)(1)(A) (conviction becomes "final" for the purposes of the statute of limitations "by the conclusion of direct review or the expiration of the time for seeking such review").

[3] It is unclear, and unnecessary to determine, precisely when Grant filed his third motion. A motion is "properly filed" by a prisoner when he places it in the prison mailbox. *See Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005).

3

time Grant's third motion was rejected and the making of his fourth motion.[4]  Accordingly, this habeas petition comes more than a decade too late.

## CONCLUSION

For the reasons stated above, Grant's petition for habeas corpus is dismissed as untimely.  Because petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c)(2).

So ordered.

John Gleeson, U.S.D.J.

Dated:     March 31, 2010
           Brooklyn, New York

---

[4]  In a post-argument letter to the Court, Grant emphasized that the state court had not ruled on his latest motion to vacate his conviction when he filed this habeas petition.  A pending § 440.10 motion, however, does not reset the limitations period once it has run out.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

4